## Taylor v. Limburg, Appellant.

*Contract—Drilling oil well—Written agreement—Construction.*

In an action to recover the price of drilling an oil and gas well under a written agreement, it appeared that the plaintiff was to drill a well to the depth of 875 feet for which he was to be paid at the rate of 80 cents per foot.   The contract further provided that the defendant was to furnish conductor, water, fuel, and all necessary casing required to drill said well; and it is agreed that in case he is satisfied that said well has been drilled to and through the said first cow run sand or its formation before the maximum depth above mentioned has been reached he shall have the right to stop further drilling thereon and the same shall be regarded as fully completed under the terms of this agreement." The evidence showed that if the cow run sand was not found within sixty feet of the top of the shale, it was not there.   The undisputed testimony showed that plaintiff drilled sixty feet below the top of the shale, and the cow run sand was not found.   He drilled ten feet further at defendant's request and then notified defendant that the well was a dry hole.   He drilled altogether 832 feet for which he claimed the contract price.   *Held,* (1) that the contract required plaintiff to drill to the first cow run sand provided that formation was reached within the distance of 875, and that if the sand was reached before drilling that distance defendant had the right to order further drilling to stop; and (2) that a verdict and judgment for plaintiff should be sustained.

Argued April 14, 1915.   Appeal, No. 119, April T., 1915, by defendant, from judgment of C. P. Allegheny Co., April T., 1913, No. 725, on verdict for plaintiff in case of Walter J. Taylor v. C. Limburg.   Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.   Affirmed.

Assumpsit to recover the price of drilling an oil and gas well to the depth of 832 feet at the rate of eighty cents per foot.

At the trial the jury returned a verdict for plaintiff for $744.46.   On a motion for a new trial and for judgment for defendant n. o. v. FRAZER, P. J., filed the following opinion.

In substance the reasons given in support of these motions are based upon the construction placed upon the contract between the parties by us, and also that our interpretation of the paper was different from that placed upon it by the parties themselves.   In passing upon these motions very little need be said beyond what we said to the jury in our charge.   The material facts are not in dispute.   Plaintiff was to drill a well for oil or gas purposes on property of defendant, to a depth not to exceed 875 feet, for which he was to be paid at the rate of eighty cents per foot.   The clause of the agreement which determines the questions now before us is as follows: "The said party of the second part (defendant in this case) is to furnish conductor, water, fuel, and all necessary casing required to drill said well; and it is agreed that in case he is satisfied that said well has been drilled to and through the said first cow run sand or its formation before the maximum depth above mentioned has been reached he shall have the right to stop further drilling thereon and the same shall be regarded as fully completed under the terms of this agreement."

At the trial we were of opinion that this clause required plaintiff to drive the well to the first cow run sand provided that formation was reached within the distance

of 875 feet, and that if that sand was reached before drilling that distance defendant had the right to order further drilling to stop. We have not been convinced that we were in error in our construction of the contract. The testimony showed that the location of the cow run sand was definitely fixed, if such sand existed, in other words, that it would be found within sixty feet of the top of the formation known as black shale, and it further appeared that all formations were regular and that if the cow run sand was not found within sixty feet of the top of the black shale it was not there. The undisputed testimony is that after drilling sixty feet below the top of the black shale the cow run sand was not found, and that at the request of the representative of the defendant who located the well plaintiff drilled the hole ten feet further without finding the cow run formation. After this had been done defendant was notified that the well was a dry hole and a bill presented to him for the cost of drilling 832 feet at eighty cents per foot. This amount he declined to pay, and set up as a defense that under the terms of the agreement it was plaintiff's duty to satisfy him that the well had been drilled to the cow run sand, and that if he was not satisfied that the drill had been driven to that formation he was not obliged to pay plaintiff's bill. We have considered the brief of defendant's counsel and also the cases cited, and while we agree that under the law the construction placed upon a contract by the parties themselves should usually prevail, that question, however, is not in our opinion applicable to this case, the contract between plaintiff and defendant not giving to defendant the right to refuse payment to plaintiff unless defendant was satisfied that the well had been drilled to where the cow run sand formation should be found. The question here was whether or not that formation had been reached by the drill, and the jury was told that if plaintiff had not drilled the well to where the cow run sand should be he was not entitled to recover and the verdict must be for

the defendant. The verdict being in favor of plaintiff his testimony satisfied the jurors that he had performed his contract, and the evidence was ample to sustain the verdict.

And now, to-wit, Sept. 29, 1914, the motions for a new trial and judgment for defendant non obstante veredicto are refused, and it is ordered that judgment be entered on the verdict on payment of the verdict fee. To which order defendant excepts, and at his instance bill sealed.

*Error assigned* was in refusing judgment for defendant n. o. v.

*H. A. Miller,* of *Miller, Vogan & Nesbitt,* for appellant.

*F. J. Tyrrell,* of *Pettes, Tyrrell & Bracken,* for appellee.

OPINION BY HEAD, J., March 1, 1916:

The portion of the contract between the parties out of which this litigation arises, and the controlling question which must determine the result of that litigation, are clearly stated in the opinion refusing a new trial filed by the present Mr. Justice FRAZER, then president judge of the Common Pleas of Allegheny County. The construction placed upon the controlling clause of the contract by Judge FRAZER appears to us to be the correct one.

A careful study of the opinion filed by him, which will appear in the report of this case, convinces us not only that the correct conclusion was reached but that the opinion fully supports that conclusion. To undertake to write another opinion would but be to elaborate or state in different language what has already been well stated by the learned trial judge. We therefore adopt the conclusion reached by him for the reasons he has given and dismiss the assignments of error.

Judgment affirmed.